IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

TAINOAPP, INC.,

    Plaintiff,

    v().

AMAZON.COM, INC.,

    Defendant.

CIVIL NO. 14-1210 (PAD)

**OPINION AND ORDER**

Before the Court is defendant Amazon.com, Inc.'s "Motion to Transfer Venue to the Northern District of California" (Docket No. 22). For the reasons explained below, the motion is GRANTED.

## I.    BACKGROUND

TainoApp, Inc. initiated this action alleging Amazon infringed U.S. Patent Nos. 7,034,791 (the "'791 Patent")(Docket No. 1 at ¶ 11). Amazon answered the complaint denying liability (Docket No. 17), and moved to transfer the case to the United States District Court for the Northern District of California (Docket No. 22). TainoApp opposed Amazon's request (Docket No. 26), Amazon replied (Docket No. 29), and TainoApp sur-replied (Docket No. 33). To properly evaluate the issue, the Court ordered the parties to file a joint witness list, and for each such witness, to include the name, position, location, and the subject matter of contemplated testimony (Docket No. 67).[1] The parties duly complied (Docket No. 70). The Court is now prepared to rule on Amazon's request.

---

[1] TainoApp has questioned the Court's decision to request this information, alleging it was "gravely prejudiced" by it. For Taino-App, it was Amazon's obligation to submit the witness list in support of its motion to transfer from the very beginning. Otherwise, in its view, Amazon's motion should have been denied outright for failing to comply with this threshold requirement. Yet litigation cannot be reduced to a game of cat and mouse. By obtaining all the information needed, the Court is in a better position to conduct a responsible analysis of the parties' contention in an area in which it enjoys ample discretion. Likewise, the order provided both

## II.    DISCUSSION

Pursuant to 28 U.S.C. section 1404(a), a district court may transfer any civil action to any other district where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." Transfer determinations are fact-specific and depend on the particular circumstances of each case. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239 (1988); see also, Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000); Arroyo Pérez v. Demir Group International, 733 F.Supp. 2d 314, 318-319 (D.P.R. 2010).

The following factors are relevant in this inquiry: (1) the convenience of the parties and the witnesses, (2) the availability of documents, (3) the possibility of consolidation, and (4) the order in which the district court obtained jurisdiction. Albizu Rodriguez v. Carlos Albizu Univ., 585 F.Supp. 2d 240, 244 n.3 (D.P.R. 2008); Coady, 223 F.3d at 11; Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir. 1987).

In their application, there is a strong presumption in favor of plaintiff's choice of forum. Coady, 223 F.3d at 11 (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947)); Astro-Med, Inc. v. Nihon Kohden America, Inc., 591 F.3d 1, 13 (1st Cir. 2009). Nevertheless, where transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same weight and in fact is given reduced significance. Arroyo-Pérez, 733 F.Supp. 2d at 318 (quoting Wine Mkts. Int'l, Inc. v. Bass, 939 F.Supp. 178, 183 (E.D.N.Y. 1996)).

---

Amazon and TainoApp with the opportunity to identify all party and non-party witnesses for the Court's examination. TainoApp has not demonstrated any prejudice resulting from this decision.

### A. Convenience to Parties and Witnesses.

Plaintiff TainoApp, Inc. is a domestic corporation organized under the laws of Puerto Rico with its principal place of business at 229 Del Parque St., Suite #1401, San Juan, Puerto Rico, 00912 (Docket No. 1 at ¶ 2 and Docket No. 26 at p. 4). It is solely owned by Mr. Jorge Ramphis Castro-Planadeball ("Mr. Ramphis Castro"), who is also a resident of San Juan (Docket No. 26, Exh. 2, "Statement Under Penalty of Perjury of Ramphis Castro in Support of Plaintiff TainoApp, Inc.'s Opposition to Defendant Hewlett Packard Company's Motion to Transfer Venue to the Northern District of California," at ¶¶ 2 and 3). Defendant Amazon.com, Inc. is a Delaware corporation with principal place of business in Seattle, Washington (Docket No. 22, Exh. 1, "Declaration of Lara Rogers in Support of the Motion to Transfer Venue of Defendant Amazon.com, Inc." at ¶ 2).

With this backdrop, Amazon alleges that the "convenience to the parties" weights in its favor because Puerto Rico has no meaningful connection to any patent infringement issues in this case. To that end, it claims TainoApp cannot claim inconvenience, since it appears to have had no role whatsoever in developing or using any technology addressed in the '791 Patent. Rather; it points out that TainoApp is in the "patent assertion" business, and although it is incorporated in Puerto Rico, it does not seem to have any employees, witnesses or documents in Puerto Rico that have any relevance to infringement issues in this case (Docket No. 22 at p. 15).

TainoApp counters that it is a domestic corporation with no ties with the Northern District of California. It states to have chosen its "home forum" (Puerto Rico), to institute the action and that its decision should be entitled to great deference under applicable law (Docket No. 26 at pp. 4-5). It further argues that the Court should give no weight to Amazon's characterizations of its business model as, whether the plaintiff is a manufacturer, a service provider, or a non-practicing

entity, is of no consequence for purposes of the transfer-of-venue analysis. It finally alleges that its limited resources "pales beside Amazon's, which makes it more inconvenient for [p]laintiff to try this case in the Northern District of California *vis* a *vis* the inconvenience of Amazon trying the case in Puerto Rico." Id. at pp. 9-11. However, the facts giving rise to the action do not seem to have a significant relation to plaintiff's choice of forum, any more than to California.

TainoApp has identified four (4) non-party witnesses in addition to Mr. Ramphis Castro (its CEO, agent and sole owner) that are in Puerto Rico. In turn, Amazon has identified ten (10) witnesses, four (4) of which are located in California; two (2) in Seattle, Washington; one (1) in Texas; one (1) in Oregon; one (1) in Indiana and a corporate representative from E Ink who is located in either Boston or Taiwan.

Although Amazon is based in Seattle, Washington, the facility in charge of the accused Kindle e-book readers is a wholly-owned subsidiary (Lab126), whose primary facilities are in Cupertino, California (within the Northern District of California). Similarly, various hardware and software components for the accused Kindle products are obtained from third party vendors (in this case, from E Ink Holdings and Freescale Semiconductor, Inc.). Third-party corporate representatives from E Ink and Freescale will testify as to the details relating to the operation of their companies' components as they relate to the accused functionality of the accused Kindle products.

In these circumstances, it is hard to conclude that a trial in Puerto Rico would not substantially disrupt the business routine of Amazon, Lab126 witnesses, and relevant E Ink and Freescale witnesses that are most familiar with the design and operation of relevant components of the accused device. To the contrary, it is apparent that the location of most of the potential witnesses is closer to California than to Puerto Rico (including the inventor of the asserted patent,

Gary Odom, who lives in Roseburg, Oregon). This fact, coupled with the order transferring another case involving the same patent ('791 patent), see, TainoApp, Inc. v. Barnes & Noble, Inc., Civil No. 14-1212 (DRD), a case with almost identical allegations of infringement to the Northern District of California on November 26, 2014, and which will require TainoApp to litigate in California, strongly favors a transfer to the Northern District of California for the convenience of both the parties and the witnesses.

### B.  The Availability of Documents.

Amazon asserts that most relevant documents are in the Northern District of California or substantially closer to it than to Puerto Rico (Docket No. 22 at pp. 13-14). TainoApp does not challenge Amazon's representation. But documents may be scanned and transported more easily today than in the past because "most records and documents now. . . exists in miniaturized or electronic form." Canatelo, LLC, 959 F.Supp.2d at 224 (quoting Boateng v. Gen, Dynamics Corp., 460 F.Supp.2d 270, 276 (D. Mass. 2006)(internal citations omitted)); and Arroyo-Pérez, 733 F. Supp.2d at 321). That being so, the availability of documents weights against transfer.

### C.  Possibility of consolidation

There are no cases pending in this district involving the same patent, similar allegations of infringement, or potentially overlapping issues of claim construction, enforceability and validity. TainoApp has referred the Court to two (2) other cases pending in this District that it claims fall into this category. One case, TainoApp, Inc. v. Sony Electronics, Inc., Civil No. 14-1215 (PAD), was closed on September 5, 2014; the other case, TainoApp, Inc. v. Barnes & Noble, Inc., Civil No. 14-1212 (DRD) was, as indicated, recently transferred to the Northern District of California.[2]

---

[2] In fact, the complaint in this case is almost identical to the one filed in Civil No. 14-1212 (DRD). See, Docket No. 1 in this case and Docket No. 1 of Civil No. 14-1212 (DRD).

Moreover, as TainoApp itself admitted, venue is proper in the Northern District of California. Correspondingly, this case has the potential of being consolidated with the case that was recently transferred at least for pre-trial purposes (Docket No. 26 at p. 14). In turn, transfer "…will reduce the risk of conflicting results, eliminate duplicative discovery, motion practice, and hearings." Id. By this measure, the possibility of consolidation tilts the scale in favor of transfer.

### D. Order in which the district court obtained jurisdiction.

This case and the one recently transferred (see footnote 2), are relatively new. Both were filed on the same date in this district, that is, March 14, 2014. Hence, the order in which the district court obtained jurisdiction does not have any particular significance.

### III. CONCLUSION

After thorough review of the record and deliberation, the Court concludes that the interest of justice favors transfer. Amazon has met its burden of overcoming the strong presumption in favor of TainoApp's choice of forum. For the same reason, the motion to transfer at Docket No. 22 is GRANTED. A transfer to the Northern District of California will follow.

**SO ORDERED**.

In San Juan, Puerto Rico, this 24th day of December, 2014.

                                        s/Pedro A. Delgado-Hernández
                                        PEDRO A. DELGADO-HERNÁNDEZ
                                        United States District Judge