United States District Court
Northern District of California

1
2
3
4                          UNITED STATES DISTRICT COURT
5                         NORTHERN DISTRICT OF CALIFORNIA
6
7    TAINOAPP, INC.,                          Case No.  15-cv-00101-JSW
              Plaintiff,
8
9         v.                                  ORDER REGARDING OBJECTIONS
                                              TO BILL OF COSTS
10   AMAZON.COM INC.,                         Re: Docket Nos. 119-122
              Defendant.
11
12
13        Now before the Court for consideration are TainoApp, Inc.'s ("TainoApp") objections to

14   the bill of costs filed by Amazon.Com Inc. ("Amazon")  The Court has considered the parties'

15   papers, relevant legal authority, and the record in this case, and it HEREBY OVERRULES

16   TainoApp's objections.

17                                      BACKGROUND

18        On May 11, 2015, the Court issued an Order granting TainoApp's motion for a voluntary

19   dismissal with prejudice, subject to the condition that Amazon would be permitted to file a motion

20   for sanctions, pursuant to 35 U.S.C. section 285 ("Section 285").

21        On September 22, 2015, the Court denied Amazon's motion for sanctions.  The Court did

22   not rule on whether Amazon was a "prevailing party" for purposes of Section 285, because it

23   concluded that Amazon had not met its burden to show the case was "exceptional."

24        On October 6, 2015, Amazon filed a Bill of Costs, in which it seeks costs in the amount of

25   $1,005.00.

26        On October 20, 2015, TainoApp filed objections to the Bill of Costs.  Amazon filed a reply

27   on October 21, 2015.

28

**ANALYSIS**

Amazon seeks costs pursuant to Federal Rule of Civil Procedure 54, which provides in pertinent part that: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "An award of costs … involves two separate inquiries. … First, who is the 'prevailing party' within the meaning of Rule 54(d)(1). Second, how much (if any) costs should be awarded to the prevailing party." *Shum v. Intel Corp.*, 629 F.3d 1360, 1366 (Fed. Cir. 2010). In a patent case, Federal Circuit law governs the definition of "prevailing party" for purposes of Rule 54(d)(1). *Id.*; *see also SSL Services, LLC v. Citrix Systems, Inc.*, 769 F.3d 1073, 1086 (Fed. Cir. 2014). However, Ninth Circuit law governs the second step of the inquiry. *See Manildra Milling Corp. v. Ogilve Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996).

**A.      Amazon is the "Prevailing Party."**

> "To be a 'prevailing party,' our precedent requires that the party have received at least some relief on the merits. That relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party."

*Shum*, 629 F.3d at 1367.

In its opposition to Amazon's motion for sanctions, TainoApp argued that Amazon could not be considered a prevailing party, because TainoApp had voluntarily dismissed this case. In some instances a voluntary dismissal will not grant a defendant prevailing party status. *See RFR Industries, Inc. v. Century Steps, Inc.*, 477 F.3d 1348, 1353 (Fed. Cir. 2007). In *RFR Industries*, the plaintiff voluntarily dismissed its case *without prejudice* and before the defendant had filed and served an answer. The court reasoned that "[i]n order for a defendant to be said to have 'prevailed' as the result of a Rule 41 dismissal, the dismissal must have 'sufficient judicial imprimatur to constitute a 'judicially sanctioned change in the legal relationship of the parties.''" *Id.* (quoting *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001)).

In this case, Amazon had filed and served a motion for summary judgment, which was pending when TainoApp filed its Rule 41 motion. Thus, although voluntary, TainoApp's

dismissal was "judicially sanctioned" and was granted on the condition that Amazon be permitted to file the motion for sanctions.[1]  *See RFR Industries*, 477 F.3d at 1353.  In addition, unlike the plaintiff in the *RFR Industries* case, TainoApp asked for a dismissal with prejudice.  Although the Court did not rule on claim construction or on the motion for summary judgment, TainoApp's decision to dismiss with prejudice, and the Court's approval of that decision, materially altered the legal relationship of the parties.  *See, e.g., Highway Equipment Co., Inc. v. FECO, Ltd.*, 469 F.3d 1027, 1033-36 (Fed. Cir. 2006); *see also Inland Steel Co. v. LTV Steel. Co.*, 364 F.3d 1318, 1320 (Fed. Cir. 2004) ("An indication of USX's status as a prevailing party is that the judgment it obtained in this case would have res judicata effect as to any claim brought against USX in the future with respect to the patent claims that were at issue in the district court case.").

Accordingly, the Court concludes that Amazon has met its burden to show that it is the prevailing party.

**B.      The Court Shall Award Costs.**

The Court turns to the second step of the inquiry, whether and to what extent costs it should award costs.  Under Rule 54(d)(1), there is a presumption that courts should award costs to the prevailing party, and the losing party bears the burden to show why costs should not be awarded.  *See, e.g., Save our Valley v. Sound Transit*, 335 F.3d 932, 944-45 (9th Cir. 2003).  The Ninth Circuit has articulated several factors that might justify denying costs to the prevailing party, such as:

> (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing ... high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance.

*Id.* at 945.

TainoApp urges the Court to exercise its discretion and deny costs, citing several of the

---

[1]      That fact distinguishes this case from *Rao v. Ross*, where the plaintiff filed a voluntary dismissal that did not require court approval.  No. 08-CV-01596-MHP, 2008 WL 2441926, at *2 (N.D. Cal. June 13, 2008).

United States District Court
Northern District of California

reasons the Court concluded that this was not an "exceptional" case under Section 285. The Court finds TainoApp's arguments unpersuasive.

Although TainoApp would appear to have limited financial resources, and although this is not a case involving an issue of national importance, Amazon asks for costs in the amount of $1,005.00, an amount that would not chill future litigants. The Court cannot comment on whether the issues were close or difficult, because it was not required to reach the merits. The Court did state that "Amazon aggressively defended this case," and filed some motions in a "rapid fire sequence." (Order Denying Motion for Sanctions at 6:15-16.) The Court made those statements in response to Amazon's argument that TainoApp's litigation conduct rendered the case exceptional. The Court did not intend to imply, nor did it find, that *either* party engaged in misconduct or acted in bad faith.

Accordingly, having considered the relevant factors, the Court concludes that TainoApp has not met its burden to overcome the presumption that costs should be awarded, and the Court also finds that Amazon's costs are reasonable.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES TainoApp's objections to the Bill of Costs. The Clerk shall tax costs in the amount of $1,005.00.

**IT IS SO ORDERED.**

Dated:  November 12, 2015

JEFFREY S. WHITE
United States District Judge